## Commonwealth v. Perkins

*Richelle D. Sanders*, for the Commonwealth.
*Dennis J. Muir*, for defendant.

BLOOM, *J.*, October 2, 1984—The matter now before the court has a long and varied background, some of which must be laid out in the opinion.

On May 4, 1978, defendant was cited by the Ridley Township Police for a traffic signal violation. For whatever reasons defendant was not stopped and given the citation. It was filed with the district justice. The district justice sent notice to defendant of the citation. Defendant denies receipt of this notice, however, it appears that his mother may have received same. Defendant did not respond to the citation and the Department of Transportation was so notified. The Department of Transportation sent defendant a notice that his license was suspended for failure to respond to a citation. Defendant denies receipt of this notice. Defendant is next stopped on December 15, 1978 and advised that his license is suspended. Subsequently his license was suspended for an additional six months. Additionally, defendant has been cited several times for driving while under suspension. The result of all of this is that defendant is now classified as an habitual offender, and his license has been revoked for five years.

On October 31, 1983, defendant was granted leave to appeal nunc pro tunc his citation of May 4, 1978. On November 18, 1983 he filed his appeal and on January 24, 1984 he was found not guilty. The Department of Transportation has removed the conviction from defendant's record but refuses to remove the subsequent suspension for driving while under suspension. Defendant contends that since he was found not guilty of the underlying citation, all the convictions for driving under suspension must fall.

We do not agree. Defendant contends that since the underlying conviction falls, everything that

stems from that must also fall. This might be true if defendant had been found not guilty of driving under suspension. However, at the time he was cited for the other offenses his license had been suspended. The important thing here is not whether he is guilty of the underlying citation, only whether or not he responded. Defendant correctly points out that there is no case law in this area and our research has likewise found none. The flaw in defendant's argument is that as of December 15, 1978 he had actual knowledge of his license being suspended. It was almost five years later before he attempts to attack the underlying citation. Defendant continued to drive despite the fact that he knew his license was suspended.

If the court were to sustain defendant's position, it would be the equivalent of telling drivers to ignore citations and then years later attack the citation. Defendant had an affirmative duty to respond to the citation even if we were to believe that he never received the district justice's notice when he was stopped on December 15, 1978, he knew his license was suspended.

We do not know the basis upon which defendant was found not guilty nor do we inquire. However, it is sufficient to say and we hold that when a defendant is convicted of failing to respond to a citation and then subsequently convicted of driving while under suspension, the subsequent suspension does not fall if defendant is later found not guilty of the underlying citation. The suspension was first imposed not because defendant was guilty of the offense charged, only because he failed to respond to the charge. If defendant wants someone to blame, he should look to himself for it was his failure to respond which brought about this whole scenario.

For all of the above reasons, we enter the following

## ORDER

And now, this October 2, 1984, after hearing argument to reconsider our order of June 28, 1984 and review of briefs submitted by respective counsel, it is hereby ordered and decreed that defendant's appeal is dismissed.